UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VERNELL NELSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **STATE OF LOUISIANA, ET AL.** | **NO. 24-00873-BAJ-RLB** |

RULING AND ORDER

Before the Court is Plaintiff's **Motion For Partial Summary Judgment (Doc. 11).** The Motion is opposed. (Doc. 14). Plaintiff filed a Reply Brief. (Doc. 16). For the following reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** as premature.

I.  BACKGROUND AND PROCEDURAL HISTORY

This case arises out of excessive force that Plaintiff allegedly suffered while incarcerated at Elayn Hunt Correctional Center ("EHCC"). (Doc. 1-2; Doc. 56).

On October 12, 2023, Plaintiff filed suit in the 18th Judicial District Court, Iberville Parish, State of Louisiana. (Doc. 1-2). Defendants the State of Louisiana, through Louisiana Department of Public Safety and Corrections ("DPSC"), and Tommy Atkins represented that they received service of process on September 18, 2024. (Doc. 1 at ¶ 5). On October 18, 2024, Defendants removed the case to this Court, alleging federal question jurisdiction. (*Id.* at ¶ 1).

Once in federal court, Defendants DPSC and Atkins filed their Answer to Plaintiff's Petition for Damages ("Original Petition"). (Doc. 10). Only one day after Defendants filed their Answer, and before the parties completed any discovery,

Plaintiff moved for partial summary judgment. (Doc. 11). Plaintiff argues that summary judgment is warranted in his favor on several affirmative defenses Defendants pled in their Answer because Defendants have "no basis in law or in fact" for these defenses. (Doc. 11 at 1–2).

While his Motion for Partial Summary Judgment was pending, Plaintiff moved to amend his Original Petition to name Kenneth Aikens as a Defendant in place of Tommy Atkins. (Doc. 51). The Court granted Plaintiff's Motion, emphasizing that "[t]here is no dispute that Plaintiff did not identify the correct individual defendant in the [Original] Petition." (Doc. 50 at 6). Thus, the Court allowed Plaintiff to amend his Original Petition "for the sole purpose of identifying Kenneth Aikens as the correct defendant in place of Tommy Atkins." (*Id.* at 7).

On July 29, 2025, Plaintiff's Amended Complaint was entered into the record. (Doc. 56). Defendants have not yet responded to Plaintiff's Amended Complaint. On September 12, 2025, Plaintiff moved for a Clerk's Entry of Default as to Defendant Kenneth Aikens. (Doc. 60). Also on September 12, 2025, the Clerk of Court entered default against Aikens. (Doc. 61).

The Court notes that Plaintiff's Motion for Partial Summary Judgment (Doc. 11), which addresses Defendants' Answer to Plaintiff's Original Petition (Doc. 10; Doc. 1-2), may be rendered moot by Plaintiff's Amended Complaint (Doc. 56). Because the Court finds that the Motion (Doc. 11) is premature, however, the same result issues: dismissal without prejudice. For the following reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** as premature.

## II.   LEGAL STANDARD

A district court should "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Funches v. Progressive Tractor & Implement Co., L.L.C.*, 905 F.3d 846, 849 (5th Cir. 2018) ("This occurs when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

For issues on which the movant bears the burden of proof at trial, they "must come forward with evidence which would entitle [them] to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence establishing a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

Where the nonmovant bears the burden of proof at trial, the moving party must offer evidence that undermines the nonmovant's claim or point out the absence of evidence supporting essential elements of the claim. *See Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 885 (1990). Once the movant shows entitlement to judgment as a matter of law, the nonmovant must bring forward evidence to create a genuine issue of material fact. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001). "The evidence of the non-movant is to be believed,

and all justifiable inferences are to be drawn in [its] favor." *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

### III.  DISCUSSION

One day after Defendants filed their Answer to Plaintiff's Original Petition, and before the parties completed any discovery, Plaintiff moved for partial summary judgment. (Doc. 11). Plaintiff asks the Court to render partial summary judgment in his favor on several of Defendants' affirmative defenses, arguing that "[b]ecause Defendants have no basis in law or in fact for the [] defenses addressed in this motion, [P]laintiff is entitled to a partial summary judgment on all [] of those defenses." (*Id.* at 2).

Defendants respond that Plaintiff is attempting to force Defendants to affirmatively prove, prior to trial or any discovery whatsoever, the basis for the affirmative defenses at issue. (Doc. 14 at 4). Defendants therefore ask the Court to deny Plaintiff's Motion as premature under Federal Rule of Civil Procedure 56(d). (*Id.* at 1).

"[I]n the Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature." *Whitfield v. Pere Antoine, LLC*, No. CV 24-806, 2024 WL 4362987, at *8 (E.D. La. Oct. 1, 2024) (citing *Sewell v. Sewerage & Water Bd. of New Orleans*, 697 F. App'x 288, 291 (5th Cir. 2017); *Prospect Capital Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016); *see* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2717 (4th ed. 2020) ("Deferring a motion is a particularly appropriate step for the court to take if it believes that the summary

4

judgment request is premature.")). Beyond the Court's discretionary power, Rule 56(d) specifically provides that a court may deny a motion for summary judgment when it is deemed premature. Rule 56(d) provides:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Here, the Court finds that Plaintiff's Motion is premature. Under the Court's Scheduling Order, discovery closed on September 12, 2025, and the dispositive motion deadline is November 21, 2025. (Doc. 20). Accordingly, it would be inappropriate for the Court to find, as a matter of law, that Defendants' affirmative defenses have "no basis in fact," when the Court has an incomplete factual record before it. Accordingly, Plaintiff's Motion is **DENIED** without prejudice as premature.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion For Partial Summary Judgment (Doc. 11)** is **DENIED WITHOUT PREJUDICE** as premature.

Baton Rouge, Louisiana, this __15th__ day of September, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**