UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VERNELL NELSON                                         CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                        NO. 24-00873-BAJ-RLB

ORDER

Before the Court is Plaintiff's **Motion For Hearing On Confirmation Of Default (Doc. 63)**.

Federal Rule of Civil Procedure 55 prescribes a two-step process for obtaining a default judgment. First, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter an "entry of default." Fed. R. Civ. P. 55(a). The entry of default is simply "a notation of the party's default on the clerk's record of the case," and is "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry." *Anthony Johnson v. Allstate Ins. Co.,* No. CV 24-314, 2026 WL 1492565, at *1 (E.D. La. May 28, 2026) (citing *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.,* 782 F.2d 329, 335 (2d Cir. 1986) and *United States v. Hansen,* 795 F.2d 35, 37 (7th Cir. 1986)).

Then, the party seeking relief applies to the court for a "default judgment." Fed. R. Civ. P. 55(b)(2). "[A] defendant's default does not in itself warrant the court in entering a default judgment" as "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co. v. Houston Nat. Bank,*

515 F.2d 1200, 1206 (5th Cir. 1975). That is, "[a] court may enter a default judgment only if the plaintiff has stated a cognizable legal claim supported by well-pleaded factual allegations, which the court accepts as true." *FMGI, Inc. v. S. La Contractors, LLC*, No. CV 25-1234, 2026 WL 656949, at *4 (E.D. La. Mar. 9, 2026).

The decision to enter default judgment is within the sound discretion of the trial court, but judgments by default are "generally disfavored[.]" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The Court is entitled to consider several factors when determining whether to enter a default judgment, including "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Rule 55(b)(2) further instructs that a court "*may*" conduct hearings to enter default judgment when it needs to: (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegation by evidence; or (4) investigate any other matter.

Here, the Clerk of Court has entered a default against Defendant Aikens in this matter (Doc. 61). Plaintiff now requests a "hearing to confirm the entry of preliminary default against Defendant Aikens on all state law claims." (Doc. 63 at 1). Plaintiff intends to introduce evidence and testimony at the hearing. Specifically, Plaintiff intends to "testify by [Z]oom o[r] in person, offer his medical records, medical

2

summary, testimony from one corroborating witness by [Z]oom or in person, a certified record(s), and videos from the Tier with summary." (*Id.*).

The Court has wide discretion to determine whether a default judgment may be entered or that a hearing is necessary. At present, the Court does not have enough information before it to do so. Moreover, it is not the Court's practice to hold confirmation of default hearings. Accordingly,

**IT IS ORDERED** that the Motion be and is hereby **DENIED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this ___ day of June, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3