UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VERNELL NELSON                                                CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                        NO. 24-00873-BAJ-RLB

RULING AND ORDER

Before the Court is Plaintiff's **Motion for Partial Summary Judgment (Doc. 67)**. Plaintiff moves for partial summary judgment on fifteen of Defendants' seventeen affirmative defenses.[1] (Doc. 67; Doc. 10). Defendants Aikens and the State of Louisiana have not filed an opposition or otherwise responded.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff claims that while incarcerated at the Elayn Hunt Correctional Center, facility employee Defendant Aikens broke his jaw in multiple places, knocked out his teeth, slammed his head, and rendered him unconscious. (Doc. 1 at 2).

---

[1] Although Plaintiff's Motion states that Plaintiff is moving for summary judgment on eleven of Defendants' affirmative defenses, Plaintiff actually moves to dismiss fifteen of Defendants' affirmative defenses. (Doc. 67). This numerical disparity exists because Plaintiff's Motion for Partial Summary Judgment combines several of Defendants' affirmative defenses into fewer, broader affirmative defense. For example, Plaintiff combines Defendants' eleventh, twelfth, and thirteenth affirmative defenses into one affirmative defense of "damages not available where no physical injury[.]" (*Id.* at 2).

The two affirmative defenses not challenged in Plaintiff's instant Motion are:
1.  Defendants' Seventh Affirmative Defense: "In the alternative, the Defendants did not use any force which was unnecessary or excessive under the circumstances, or which rises to the level of a constitutional violation." (*Id.* at 2).
2.  Defendants' Seventeenth Affirmative Defense: "The Defendants assert their right to any affirmative defense delineated in Fed. R. Civ. Pro. 8(c) not specifically enumerated herein." (*Id.* at 3).

Plaintiff's Petition for Damages requests relief under 42 U.S.C. § 1983 for violations of the Fourth and Eighth Amendments, La. Civ. Code Ann. 2315, and La. Civ. Code Ann. 2317. (Doc. 1-2 at 4–5).

Plaintiff previously filed a nearly identical Motion For Partial Summary Judgment prior to discovery occurring. (Doc. 11). The Court denied the motion without prejudice as premature because the factual record was incomplete. (Doc. 62 at 5). Plaintiff now brings the instant Motion for Partial Summary Judgment.

## II.    LEGAL STANDARD

"A partial summary judgment order [] is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." *Streber v. Hunter*, 221 F.3d 701, 737 (5th Cir. 2000). Partial summary judgment exists to "root out, narrow, and focus the issues" for trial. *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993).

A district court should "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Funches v. Progressive Tractor & Implement Co., L.L.C.*, 905 F.3d 846, 849 (5th Cir. 2018) ("This occurs when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

For issues on which the movant bears the burden of proof at trial, they "must come forward with evidence which would entitle [them] to a directed verdict if the

2

evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence establishing a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

Where the nonmovant bears the burden of proof at trial, the moving party must offer evidence that undermines the nonmovant's claim or point out the absence of evidence supporting essential elements of the claim. *See Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 885 (1990). Once the movant shows entitlement to judgment as a matter of law, the nonmovant must bring forward evidence to create a genuine issue of material fact. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

## III.   ANALYSIS

Plaintiff moves for the Court to deny various of Defendants' affirmative defenses because "[D]efendants have no basis in law or in fact" for their defenses[.]" (Doc. 67 at 2). Specifically, Plaintiff moves for partial summary judgment on the following affirmative defenses asserted by Defendants:

1. That Defendants are entitled to qualified immunity. Defendants assert that their conduct did not violate any of inmate Plaintiff's clearly established

constitutional or statutory rights of which a reasonable person would have known. (Doc. 10 ¶ 1).

2. That if Defendants are found to have violated inmate Plaintiff's rights, and are not entitled to the defense of qualified immunity, then inmate Plaintiff, through intentional and negligent acts and failure to act as a reasonable person, contributed to his own injuries or damages. (Doc. 10 ¶ 9).

3. Defendants deny any and all liability unto inmate Plaintiff in this matter. (Doc. 10 ¶ 2, 3).

4. That Defendants did not use any force. (Doc. 10 ¶ 6).

5. Defendants aver that the inmate Plaintiff failed to mitigate any damages which he claims to have incurred. (Doc. 10 ¶ 4).

6. That any and all claims seeking monetary damages from Defendants in their official capacity are barred by the Eleventh Amendment. (Doc. 10 ¶ 5).

7. That if Defendants are found by the Court to have violated inmate Plaintiff's civil rights, then Defendants are immune from a judgment for damages because they acted at all times reasonably, and in good faith, and in accordance with the laws and institutional rules and regulations. (Doc. 10 ¶ 8).

8. That Plaintiff's Petition for Damages fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10 ¶ 10).

9. That an inmate confined in a jail, prison, or other correctional facility cannot recover for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. §1997e(e). (Doc. 10 ¶ 11).

4

10. That Plaintiff is not entitled to compensatory damages because he has failed to show physical injury, pursuant to 42 U.S.C. § 1997e(e). (Doc. 10 ¶ 12).

11. That inmate Plaintiff is not entitled to monetary relief, or any other relief asserted and/or inferred in the Petition for Damages. (Doc. 10 ¶ 13).

12. That Plaintiff is not entitled to attorney's fees and costs associated with this litigation. (Doc. 10 ¶ 14).

13. That in the event that a judgment is rendered against Defendants, they plead the statutory limitation of liability, interest, and costs under La. Rev. Stat. 13:5106 and La. Rev. Stat. 13:5112, as well as any other statutory or jurisprudential limitation of liability applicable herein. (Doc. 10 ¶ 15).

14. Finally, that Defendants are entitled to immunity from liability under La. Rev. Stat. 9:2798.1 for policymaking or discretionary acts or omissions of public entities or its officers and employees. (Doc. 10 ¶ 16).

This Court's Local Civil Rules provide that a party seeking summary judgment must submit a Supporting Statement of Material Facts, defined as:

> [A] separate, short, and concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be simply and directly stated in narrative without footnotes or tables and shall be supported by a record citation as required by subsection (f) of this rule. M.D. La. LR 56(b).

Local Civil Rule 56(f), in turn, provides that:

> An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or

consider any part of the record not specifically referenced in the parties' separate statement of facts. M.D. La. LR 56(f).

Plaintiff submitted a purported statement of undisputed material facts in support of his Motion. But rather than listing "facts," he instead lists impermissible legal conclusions. For each contested affirmative defense, he merely states that Defendants have no proof or legal basis for the affirmative defense.[2] (Doc. 67-3 ¶¶ 7–16). Obviously, these statements are not "facts," and they are insufficient to support his Motion. He further fails to identify or cite any record evidence whatsoever to substantiate his ostensible "facts." While Plaintiff may or may not have some justification for seeking summary judgment on Defendants' affirmative defenses, the Court may only rule in his favor if he submits a legally sufficient Motion.

"This Court has 'repeatedly admonished' that 'summary judgment is about evidence, and a party that fails to direct the Court's attention to any evidence supporting [her] claims cannot carry [her] burden of showing a genuine, material dispute (or lack thereof).' *Mitchell v. Diamond Plastics Corp., No.* 18-919, 2021 WL 1234520, at *1 (M.D. La. Mar. 31, 2021) (emphasis in original, citations omitted); *see also Gerkin v. McMurdo*, No. 19-249, 2021 WL 664840, at *1 (M.D. La. Feb. 19, 2021) (same); *Combs v. Exxon Mobil Corp.*, No. 18-459, 2020 WL 5121362, at *6 (M.D. La. Aug. 31, 2020) ('Summary judgment is about evidence. Having failed to direct the Court to any evidence supporting her claims,

---

[2] For example, Plaintiff states that: "Defendants have no proof or legal basis for the affirmative defense [of] qualified immunity. . . ." (Doc. 67-3 ¶ 7); and "Defendants have no proof or legal basis for the affirmative defense [of] sovereign immunity. . . ." (Doc. 67-3 ¶ 10); and "Defendants have no proof or legal basis for the affirmative defense [of] failure to mitigate. . . ." (Doc. 67-3 ¶ 9).

6

Plaintiff cannot carry her burden of showing a genuine, material dispute.')." *McCoy v. SC Tiger Manor, LLC*, No. CV 19-723-JWD-SDJ, 2022 WL 619922, at *2 (M.D. La. Feb. 11, 2022), *report and recommendation adopted*, No. CV 19-723-JWD-SDJ, 2022 WL 619966 (M.D. La. Mar. 2, 2022). *See also Hutchinson v. Reed*, No. CV 24-1532, 2025 WL 1126557, at *3 (W.D. La. Apr. 16, 2025) ("[I]f the Court chose to consider [Plaintiff's] Motion as an appropriate Motion for Partial Summary Judgment, he has failed to provide sufficient evidence showing that there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. He merely states DPS&C has no factual basis to support its affirmative defenses. These conclusory assertions do not meet the standard for summary judgment.").[3]

Fed. R. Civ. P. 56(c)(1) additionally requires that "[a] party asserting that a fact cannot be [] genuinely disputed must support the assertion" through citing to the record or by "showing that the materials cited do not establish the absence [] of a genuine dispute. . . ." As noted, Plaintiff has not cited to the record, nor shown that Defendants could not dispute Plaintiff's assertions in his Statement of Material Facts. Nor has he done so for any additional assertions in the body of his Motion.[4]

---

[3] The Court notes that Plaintiff's Counsel represented the plaintiff in *Hutchinson v. Reed*, which denied a Motion for Partial Summary Judgment that similarly contained legal conclusions masked as "undisputed facts." *Hutchinson v. Reed*, No. CV 24-1532, 2025 WL 1126557 (W.D. La. Apr. 16, 2025). Parties appearing before the Court are charged with knowing the Federal Rules of Civil Procedure, the Local Rules, and the standard for summary judgment. The Court cautions Plaintiff's Counsel against continuing to submit similar statements of fact.

[4] For example, Plaintiff's Motion states that Defendant Aikens "became angry and body slammed [Plaintiff] twice while he was in full restraints[,]" and that "[Plaintiff] had surgery on his jaw and received 14 screws and 4 wires[,]" but provides no record citations for these assertions. (Doc. 67-2 at 2–3).

The Court further notes that although Defendants failed to respond to the statement of undisputed facts, the parties subsequently filed a joint pretrial order indicating that the parties do, in fact, dispute material factual issues. *See* Doc. 68 at 5–6, disputing whether Defendant Aikens physically slammed or struck Plaintiff; whether Defendant Aikens' actions caused Plaintiff's injuries; whether Plaintiff took actions to mitigate his damages; or whether Defendant was motivated by considerations extraneous to the State of Louisiana's interests in interacting with Plaintiff.

As a result, the Court lacks an evidentiary basis to determine the merits of Plaintiff's Motion, and must conclude that Plaintiff has failed to carry his burden of proving "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The Court, therefore, denies Plaintiff's Motion to the extent it seeks summary judgment on the affirmative defenses raised by Defendants. *See McCoy v. SC Tiger Manor, LLC*, No. CV 19-723-JWD-SDJ, 2022 WL 619922, at *3 (M.D. La. Feb. 11, 2022), *report and recommendation adopted*, No. CV 19-723-JWD-SDJ, 2022 WL 619966 (M.D. La. Mar. 2, 2022) (denying plaintiff's motion for summary judgment on an affirmative defense by finding that statements such as "[defendant] cannot substantiate with even a shred of evidence any single 'charge' it claims plaintiff owes it, and cannot verify the 'debt[,]'" were legal assertions inappropriately veiled as "facts"). If desired, Plaintiff may file a subsequent Partial Motion for Summary Judgment that contains a proper statement of facts.

Accordingly,

**IT IS ORDERED THAT** Plaintiff's **Partial Motion for Summary Judgment (Doc. 67)** is **DENIED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 19th day of June, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**